IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP 1 3 2006
DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| GARY EUGENE ROBINSON | § | |
| VS. | § | CIVIL ACTION NO. 4:03cv257 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gary Eugene Robinson, an inmate at the McConnell Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court heretofore referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law.

*See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

To exhaust available state court remedies, a habeas petitioner must "fairly present" all the claims in his habeas corpus petition to the highest available state court, alerting the court to the federal nature of his claim. 28 U.S.C. § 2254(d)(2). "A prisoner fairly presents a claim to the state court when he asserts the claim 'in terms so particular as to call to mind a specific right protected by the Constitution' or alleges 'a pattern of facts that is well within the mainstream of constitutional litigation.' " *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). "[I]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (*quoting Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)).

After reviewing Petitioner's state application for writ of habeas corpus, the court is of the opinion that the Magistrate Judge was correct in his determination regarding Petitioner's failure to exhaust certain claims. Assuming, *arguendo*, that the claims were exhausted, the claims are without merit.

The Texas Court of Criminal Appeals denied petitioner's habeas application without written order. "Because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when, as in this case, state habeas relief is denied without an opinion." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). Rather, in such a situation, the "court: (1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Id.* (*citing Catalan v. Cockrell*, 315 F.3d 491, 493 & n. 3 (5th Cir. 2002)). *See, e.g., McCall v. Dretke*, 390 F.3d 358, 362 n. 12 (5th Cir. 2004).

In this case, Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, Petitioner's claims should be denied.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final

judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this 12th day of September, 2006.

*Paul Brown*
PAUL BROWN
UNITED STATES DISTRICT JUDGE

4